IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NAKENYA CARTWRIGHT                                              PLAINTIFF

v.                                                     CIVIL ACTION NO. 4:14-cv-00057-GHD-JMV

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY; STATE FARM
INSURANCE COMPANIES; and
VALERIE SPROULL                                           DEFENDANTS

<u>MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR REMAND</u>

Presently before this Court is Plaintiff's motion to remand the case to state court [11]. Upon due consideration, the Court is of the opinion that the motion should be denied in part and granted in part based on the following reasoning.

*A. Factual and Procedural Background*

On March 26, 2014, Plaintiff Nakenkya Cartwright ("Plaintiff") filed a complaint in the Circuit Court of Bolivar County, Mississippi, First Judicial District, against Defendants State Farm Mutual Automobile Insurance Company and State Farm Insurance Companies ("State Farm"),[1] as well as Defendant Valerie Sproull ("Defendant Sproull") (collectively, "Defendants") to recover for injuries Plaintiff allegedly sustained as the result of an automobile accident. Plaintiff alleges that she was a guest passenger in an automobile driven by Defendant Sproull when Defendant Sproull proximately caused an accident by "traveling at excessive speed, fail[ing] to keep a proper look out, and fail[ing] to control her vehicle[,] among related

---

[1] State Farm Mutual Automobile Insurance Company maintains that it and State Farm Insurance Companies are one and the same and that it is properly named "State Farm Mutual Automobile Insurance Company." *See* State Farm's Answer & Aff. Defenses [3] ¶ 3.

1

acts of negligence." Pl.'s State-Ct. Compl. [2] ¶¶ 7, 9. Plaintiff further alleges that as a direct and proximate result of the subject accident she suffered serious and permanent bodily injuries, which required extensive medical treatment. *Id.* ¶ 10. In addition, Plaintiff's complaint presents claims for breach of contract, negligence, breach of legal duties, and related liability against State Farm, her under-insured motorist insurance carrier. *See id.* ¶¶ 13, 17. Plaintiff avers that despite notifying State Farm of the subject accident and her claims for damages and injuries suffered as a result, State Farm failed to pay Plaintiff benefits owed under her insurance policy, failed to promptly and adequately investigate the claims made by Plaintiff and perform duties under the policy/contract, failed to comply with the terms of the subject policy/contract, and committed other breaches of contract and failure to perform. *Id.* ¶¶ 12–17. Plaintiff seeks relief from Defendants "in no amount less than $200,000.00." *Id.* ¶ 17.

On April 21, 2014, State Farm filed a notice of removal [1] on the basis of diversity jurisdiction. Defendant Sproull did not join in the notice of removal. Subsequently, all Defendants filed answers to the complaint. On May 7, 2014, State Farm filed a motion to sever [9] Plaintiff's claims against State Farm from those against Defendant Sproull; remand the case against Defendant Sproull, if necessary; and permit the claims against State Farm to go forward in federal district court. On May 8, 2014, Plaintiff filed the present motion to remand the entire case to state court on the basis of lack of diversity jurisdiction. State Farm filed a response. Plaintiff filed a reply. The matter is now ripe for review.

## B. *Standard of Review*

Federal courts are courts of limited jurisdiction. *Epps v. Bexar–Medina–Atascosa Cnties. Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). A case may be remanded upon a motion filed within thirty days after the filing of the notice of removal on any defect

except subject matter jurisdiction, which can be raised at any time by any party or *sua sponte* by the district court. *Wachovia Bank, N.A. v. PICC Prop. & Cas. Co.*, 328 F. App'x 946, 947 (5th Cir. 2009) (per curiam). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The removal statute provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). The "removal statutes are to be construed strictly against removal and for remand." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996). The party who seeks to remove the case to federal court bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

*C. Discussion*

Federal diversity jurisdiction requires complete diversity between all plaintiffs and all defendants and an amount in controversy that exceeds $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff contends that removal is improper and remand is warranted because the amount in controversy is less than $75,000 and complete diversity of citizenship does not exist between Plaintiff and Defendants.

3

1. Amount in Controversy

First, Plaintiff contends that removal is not appropriate because the jurisdictional amount in controversy is likely not met. State Farm argues in response that the amount-in-controversy requirement is met by Plaintiff's prayer for relief, including her specific prayer for damages for "willful conduct and reckless [dis]regard for the rights of Plaintiff," *see* Pl.'s State-Ct. Compl. [2] ¶ 17, which State Farm maintains would provide grounds for an award of punitive damages under state law. In addition, State Farm maintains that Plaintiff has failed either to admit or stipulate that she will not accept more than $75,000 in damages and that the amount-in-controversy requirement is met by the $150,000 in stacked uninsured motorist coverage provided by the six automobile policies under which Plaintiff seeks recovery.

Removing defendants who seek to establish diversity jurisdiction must allege that the jurisdictional amount in controversy is met, that is, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" *See* 28 U.S.C. § 1332(a). The amount in controversy is determined at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). If a defendant establishes "by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount," a plaintiff may defeat removal only by establishing to a legal certainty that his or her recovery will not exceed the statutory threshold. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009) (quotation marks and citation omitted). Plaintiffs "who want to prevent removal must file a binding stipulation or affidavit with their complaints . . . ." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (internal quotation marks and citation omitted).

Courts generally begin the amount-in-controversy analysis by " 'look[ing] only to the face of the complaint and ask[ing] whether the amount in controversy exceeds' the jurisdictional

threshold." *Ervin v. Sprint Commc'ns Co.*, 364 F. App'x 114, 117 (5th Cir. 2010) (per curiam) (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)). Pertinent to the amount-in-controversy analysis, Plaintiff's complaint asserts that the amount of relief sought, with pre-judgment and post-judgment interest, attorney's fees, costs and expenses, would be "in no event an amount less than $200,000.00." Pl.'s State-Ct. Compl. [2] ¶ 17. Keeping in mind that interest, attorney's fees, and costs are not to be considered in the jurisdictional amount-in-controversy analysis, *see* 28 U.S.C. § 1332(a), the Court notes that Plaintiff has not parsed her prayer for relief to specify the amount of damages sought exclusive of interest and costs. Nevertheless, in the opinion of this Court, it is "facially apparent" from Plaintiff's complaint that her claims exceed the jurisdictional amount.

In her complaint, Plaintiff seeks the following relief from Defendants:

> [f]ull and complete payment, reimbursement, compensation[,] and satisfaction for any and all injuries, losses[,] and damages suffered as the result of the subject accident with [Defendant] Sproull and payments under any and all insurance policies/contracts with [State Farm] and all related damages which resulted from any breach of legal duty, breach of contract, negligence, willful conduct[,] and reckless [dis]regard for the rights of Plaintiff.

Pl.'s State-Ct. Compl. [2] ¶ 17. Plaintiff specifically seeks "[p]ast, present[,] and future medical expenses; [p]ast, present[,] and future lost wages and loss of wage[-]earning capacity; [p]ast, present[,] and future emotional distress; [p]ast, present[,] and future pain and suffering; and [o]ther damages which will [be] fully proven at trial." *Id.* ¶ 11. In addition, although Plaintiff's complaint does not explicitly state that she seeks "punitive damages" or that State Farm acted with "bad faith," the complaint does assert that State Farm "wrongfully, negligently[,] and carelessly failed to honor [its] obligations under their insurance policies/contracts and failed to pay Plaintiff benefits owed to her," *id.* ¶ 12; "wrongfully, negligently[,] and <u>recklessly</u> failed to

5

pay [Plaintiff's] medical expenses incurred" which is "a clear disregard for the rights of [Plaintiff]," *id.* ¶ 15 (emphases added); and that Plaintiff seeks damages for "willful conduct and reckless [dis]regard for the rights of Plaintiff," *id.* ¶ 17 (emphasis added). These allegations support a punitive damages claim under Mississippi law. *See* MISS. CODE ANN. § 11-1-65(1)(a)–(b) (punitive damages may be awarded if compensatory damages are awarded and claimant proves by clear and convincing evidence that defendant "acted with actual malice, gross negligence which evidences a willful, wanton[,] or reckless disregard for the safety of others, or committed actual fraud"); *Kincaid v. Minact-Yates, LLC*, No. 3:05-CV-550-HTW-LRA, 2008 WL 4187050, at *8 (S.D. Miss. Sept. 3, 2008) (complaint's allegations that defendants "acted in willful, malicious[,] and reckless disregard for the plaintiff's rights" constituted "the plaintiff's attempt to bolster a punitive damages claim").

Further, federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction. *Walker v. Scales*, No. No. 1:13–CV–00227–SA–DAS, 2014 WL 670216, at *3 (N.D. Miss. Feb. 20, 2014) (citing *Brasell v. Unumprovident Corp.*, No. 2:01CV202–D–B, 2001 WL 1530342, at *2 (N.D. Miss. Oct. 25, 2001) (in turn citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998))); *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 701 (S.D. Miss. 1988). For all of these reasons, the Court finds that the amount-in-controversy requirement is satisfied on the face of Plaintiff's complaint.

However, even assuming, *arguendo*, that the amount in controversy was ambiguous on the face of her complaint, Plaintiff has failed to file a binding stipulation or affidavit that would have sufficiently clarified the issue for the Court. Although it is true that "the jurisdictional facts that support removal must be judged at the time of the removal, . . . post-removal affidavits may

be considered in determining the amount in controversy at the time of removal . . . if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia*, 233 F.3d at 883. "[A]ny post-petition affidavits are allowable only if relevant to [the time of removal]." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Plaintiff requests discovery on the amount in controversy in this case and contends that if discovery is allowed, she <u>may</u> be able to admit that the amount in controversy does not exceed $75,000 exclusive of interest and costs.[2] "When a plaintiff fails to admit or stipulate that he will not accept more than $75,000.00 in damages, a federal court may deem that failure to be sufficient proof that the amount in controversy exceeds $75,000.00." *Walker*, 2014 WL 670216, at *3; *Easley v. Lowe's Home Ctrs., Inc.*, No. 1:06CV291-D-D, 2007 WL 2127281, at *2 (N.D. Miss. July 23, 2007); *Blount v. Hardcastle*, No. 2:04CV203-P-A, 2006 WL 278567, at *1–2 (N.D. Miss. Jan. 5, 2006); *Holmes v. Citifinancial Mortg. Co.*, 436 F. Supp. 2d 829 (N.D. Miss. 2006). Merely allowing the possibility that the amount in controversy <u>may</u> prove not to exceed the jurisdictional threshold is insufficient. Further, "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293, 58 S. Ct. 586, 82 L. Ed. 845 (1938).

Finally, State Farm has presented to the Court "summary judgment-type" evidence that further supports the conclusion that the amount in controversy is met. *See Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003); *St. Paul Reinsurance Co.*, 134 F.3d at

---

[2] The Court notes that the United States Magistrate Judge stated in her May 19, 2014 Order [14] that "all discovery not relevant to the remand" would be stayed pending the Court's ruling on the motion for remand. Discovery related to the jurisdictional amount in controversy was relevant to whether remand is appropriate and thus was permitted in the case even while the present motion for remand was pending.

7

1253; *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57–58 (5th Cir. 1993). As stated above, State Farm maintains that the amount-in-controversy requirement is met by the $150,000 in stacked uninsured motorist coverage provided by the six automobile policies under which Plaintiff seeks recovery. In support of its position, State Farm attaches to its response to the motion for remand a letter from State Farm's counsel to Plaintiff's counsel and confirmations of coverage for six separate automobile policies, each providing coverage of $25,000 per person and each listing Plaintiff as an insured. *See* State Farm's Letter & Confirmations of Coverage [16-1] at 2–7.

The Court finds that considering all of the following, State Farm has met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional amount at the time of removal. Therefore, remand is not appropriate on this basis.

2. Complete Diversity of Citizenship

Next, Plaintiff contends that removal is not appropriate because there is lack of complete diversity of citizenship among the parties. It is undisputed that complete diversity exists between Plaintiff, a citizen of Mississippi, and State Farm, a citizen of Illinois.[3] It is also undisputed that if Defendant Sproull's presence is considered in the jurisdictional analysis, diversity of citizenship is destroyed, because Plaintiff and Defendant Sproull are citizens of Mississippi. The question before the Court is whether Defendant Sproull's presence should be considered in the jurisdictional analysis.

Plaintiff maintains that Defendant Sproull is properly joined as a Defendant; that she should be considered in the jurisdictional analysis; that when she is considered, no complete diversity of citizenship exists between Plaintiff and Defendants; and thus, that remand is proper.

---

[3] It is undisputed that State Farm was incorporated in Illinois and has its principal place of business in Illinois. Thus, for jurisdictional purposes, State Farm is a citizen of Illinois.

8

Plaintiff maintains that the joinder of Defendant Sproull and State Farm as Defendants is proper, because Plaintiff's claims against each Defendant arise out of the same transaction, occurrence, or series of transactions or occurrences and involve common questions of law or fact bearing on Defendants' alleged liability for Plaintiff's damages as a result of the subject automobile accident. Specifically, Plaintiff maintains that this case involves a distinct litigable event because the claims against the defendant tortfeasor, Defendant Sproull, and the defendant insurance company, State Farm, arise from the same distinct litigable event: the subject automobile accident. Plaintiff maintains that the Mississippi Supreme Court decision cited by State Farm in support of a finding of fraudulent misjoinder, *Hegwood v. Williamson*, 949 So. 2d 728 (Miss. 2007), is distinguished from the case *sub judice* in that the plaintiff in that case asserted a claim for bad faith denial of insurance benefits and sought punitive damages, a claim Plaintiff maintains she has not pursued against State Farm in this case. Finally, in this respect, Plaintiff maintains that joinder of the claims against both Defendant Sproull and State Farm would promote judicial economy, as the issue of coverage would go forward with and be resolved by the underlying lawsuit. Therefore, Plaintiff maintains that complete diversity of citizenship is not present, removal is improper, and remand is warranted.

On the other hand, State Farm argues that Defendant Sproull is fraudulently or egregiously joined as a Defendant; that she should not be considered in the jurisdictional analysis; that the claims against her should be severed from the claims against State Farm; and that removal is proper on the remaining claims against State Farm. State Farm argues that Defendant Sproull's Mississippi citizenship should be disregarded in the jurisdictional analysis, because the claims against Defendant Sproull neither involve a distinct litigable event nor share common questions of law and fact; thus, State Farm maintains that those claims are fraudulently

or egregiously misjoined. State Farm further argues that no reasonable probability exists that the state court would find joinder proper pursuant to Rule 20(a) of the Mississippi Rules of Civil Procedure. Specifically, State Farm maintains that Plaintiff's allegations against Defendant Sproull raise "fact issues of how the accident occurred and legal issues of simple negligence (duty, breach of duty, proximate causation, and damages)," while her allegations against State Farm relate to the handling of her claim "and legal issues of interpretation of insurance policies and bad faith under which an award of punitive damages may or may not be appropriate." *See Hegwood*, 949 So. 2d at 731. State Farm requests that this Court sever Defendant Sproull from the case and retain jurisdiction of the remaining claims based on the complete diversity of the parties.

Fraudulent misjoinder of defendants is not permissible to circumvent diversity jurisdiction. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 630–31 (5th Cir. 2002). *See also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (finding that failure to meet the requirements of Federal Rule of Civil Procedure 20 will result in "joinder [being] improper even if there is no fraud in the pleadings and the plaintiff does have the ability to recover against each of the defendants"). Where the joinder of defendants constitutes an "improper and fraudulent joinder, bordering on a sham," the presence of such non-diverse defendants does not destroy federal jurisdiction. *See Sullivan v. Direct Gen. Ins. Co. of Miss.*, No. 4:12–CV–97–SA–JMV, 2013 WL 5427992, at *2 (N.D. Miss. Sept. 27, 2013) (quoting *Tapscott v. Miss. Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996), *abrogated on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)). In other words, "a defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.' " *Tapscott*, 77 F.3d at 1359 (quoting *Wilson v.*

*Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 66 L. Ed. 144 (1921)). The United States District Courts for the Northern and Southern Districts of Mississippi have adopted the theory of fraudulent misjoinder. *See Palermo v. Letourneau Techs., Inc.*, 542 F. Supp. 2d 499, 515 (S.D. Miss. 2008) (collecting cases).

"To determine whether a party has been fraudulently misjoined, the Court applies Rule 20 of the Mississippi Rules of Civil Procedure." *Tri–Miss Servs., Inc. v. Fairley*, No. 2:12–CV–152–KS–MTP, 2012 WL 5611058, at *3 (S.D. Miss. Nov. 15, 2012) (citing *Palermo*, 542 F. Supp. 2d at 517); *accord Willingham v. State Farm Ins. Co.*, No. 2:09–CV–59–SA–SAA, 2009 WL 2767679, at *2 (N.D. Miss. Aug. 27, 2009). Rule 20 of the Mississippi Rules of Civil Procedure provides in pertinent part:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action.

MISS. R. CIV. P. 20(a). The comment to Rule 20 states in pertinent part:

> The phrase "transaction or occurrence" requires that there be a distinct litigable event linking the parties. Rule 20(a) simply establishes a procedure under which several parties' demands arising out of the same litigable event may be tried together, thereby avoiding the unnecessary loss of time and money to the court and the parties that the duplicate presentation of the evidence relating to facts common to more than one demand for relief would entail.

MISS. R. CIV. P. 20 cmt.

The Mississippi Supreme Court has historically "given broad discretion to the trial court to allow joinder of claims." *Janssen Pharmaceutica, Inc. v. Armond*, 866 So. 2d 1092, 1094–1095 (Miss. 2004); *see Ill. Cent. R.R. v. Travis*, 808 So. 2d 928, 931 (Miss. 2002) ("The general

11

philosophy of the joinder provisions of these Rules is to allow virtually unlimited joinder at the pleading stage, but to give the Court discretion to shape the trial to the necessities of the particular case."). However, in the *Hegwood* case, the Mississippi Supreme Court held that "[b]oth prongs of Rule 20(a) must be met" and that "[b]efore an alleged 'occurrence' will be sufficient to meet Rule 20(a)'s two factors, there must be a distinct litigable event linking the parties." *See Hegwood*, 949 So. 2d at 730 (internal citations omitted).

The Mississippi Supreme Court explained in *Hegwood* that in determining whether a distinct litigable event exists, courts should consider "whether a finding of liability for one plaintiff essentially establishes a finding for all plaintiffs, indicating that proof common to all plaintiffs is significant." *Id.* *Hegwood* was a two-automobile accident case involving claims brought by one driver against the other driver, the other driver's liability insurer, and the plaintiff's own insurer, whereas the case *sub judice* involves claims brought by the passenger of the wrecked automobile against the driver and the passenger's under-insured motorist insurance carrier. However, in the opinion of this Court, this distinction is immaterial to the joinder analysis. *See Walker*, 2014 WL 670216, at *5. The Mississippi Supreme Court explained in *Hegwood* that negligence claims against a defendant driver and breach of contract and bad faith claims against a liability insurer, while arising out of the same accident, "involve different factual issues and different legal issues." *Hegwood*, 949 So. 2d at 731 ("The car accident raises fact issues of how the accident occurred and legal issues of simple negligence . . . . The breach of contract and bad faith claims raise fact issues of . . . how [the insurance adjusters] made their decisions and legal issues of interpretation of insurance policies and bad faith under which an award of punitive damages may or may not be appropriate."). Further, the *Hegwood* Court explained that a claim for negligence would require "different witnesses (the two drivers,

eyewitnesses to the accident, law enforcement, and accident re-enactment experts) from that of the bad faith claim (insurance agents and management)." *See id.*

The Court finds the reasoning and holding of *Hegwood* directly analogous to the case at bar. In prosecuting her negligence claim against Defendant Sproull, Plaintiff will be required to present different proof than will be required to support her claims against State Farm. As in the *Hegwood* case, the instant case involves "separate allegations of wrongdoing occurring at separate times." *See id.* Although both sets of claims arguably "arose" from the subject motor vehicle accident, they implicate distinct factual and legal issues. Because "there is no reasonable probability that the state court would find [Defendant Sproull's] joinder proper," *see Palermo*, 542 F. Supp. 2d at 524, the Court finds that Defendant Sproull was fraudulently joined as a Defendant in this action. Accordingly, the Court turns to Rule 21 of the Federal Rules of Civil Procedure which has "a primary concern" of "cur[ing] misjoinder of parties." *United States v. O'Neil*, 709 F.2d 361, 369 (5th Cir. 1983).

Rule 21 allows a district court "on motion or on its own, . . . [to] at any time, on just terms, add or drop a party" and "also sever any claim against a party." FED. R. CIV. P. 21. The Fifth Circuit has stated:

> Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other.

*United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983). *See also Vander Zee v. Reno*, 73 F.3d 1365, 1368 n.5 (5th Cir. 1996). In the case *sub judice*, Plaintiff and Defendant Sproull are not completely diverse, and accordingly, this Court would not have federal diversity jurisdiction

13

over those claims. Therefore, merely severing Plaintiff's claims against Defendant Sproull in this Court would be futile. Therefore, in the opinion of this Court, Plaintiff's claims against Defendant Sproull must be severed from those against State Farm, and Plaintiff's motion for remand [11] must be granted insofar as it concerns the claims against Defendant Sproull and denied insofar as it concerns the claims against State Farm.

*D. Conclusion*

Based on all of the foregoing, this Court's diversity jurisdiction over Plaintiff's claims against State Farm was established at the time of removal, because complete diversity of citizenship was present between Plaintiff, a Mississippi citizen, and State Farm, an Illinois citizen, and the jurisdictional amount in controversy was satisfied on the face of Plaintiff's state-court complaint and is further supported by summary-type evidence. Accordingly, removal of the claims against State Farm is proper, and remand of these claims is not warranted. However, because the claims against Defendant Sproull were fraudulently misjoined, those claims are properly severed from the claims against State Farm and remanded to the Circuit Court of Bolivar County, First Judicial District.

In sum, Plaintiff Nakenya Cartwright's motion for remand [11] is GRANTED IN PART AND DENIED IN PART, as follows: (1) Plaintiff Nakenya Cartwright's claims against Defendant Valerie Sproull are SEVERED from her claims against Defendants State Farm Mutual Automobile Insurance Company and State Farm Insurance Companies, thus creating two separate cases; (2) Plaintiff Nakenya Cartwright's motion for remand [11] is GRANTED insofar as it pertains to the claims against Defendant Valerie Sproull, and those claims are REMANDED to the Circuit Court of Bolivar County, First Judicial District; (3) Defendant Valerie Sproull is DISMISSED as a party to this action; (4) Plaintiff Nakenya Cartwright's motion to remand to

state court [11] is DENIED insofar as it pertains to the claims against Defendants State Farm Mutual Automobile Insurance Company and State Farm Insurance Companies, as those claims are properly before this Court on the basis of diversity jurisdiction; (5) Defendants State Farm Mutual Automobile Insurance Company and State Farm Insurance Companies remain parties to the action; and (6) the claims brought against Defendants State Farm Mutual Automobile Insurance Company and State Farm Insurance Companies remain viable.

An order in accordance with this opinion shall issue this day.

THIS, the 8th day of December, 2014.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE