IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NAKENYA CARTWRIGHT                                               PLAINTIFF

v.                                             CIVIL ACTION NO. 4:14-cv-00057-GHD-JMV

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and
STATE FARM INSURANCE COMPANIES                               DEFENDANTS

## MEMORANDUM OPINION RETAINING FEDERAL JURISDICTION

Presently before this Court is Plaintiff's motion to establish jurisdiction [51]. Defendants have filed a response. The motion is now ripe for review. Upon due consideration, the Court finds that the motion should be denied.

*A. Factual and Procedural Background*

On March 26, 2014, Plaintiff Nakenkya Cartwright ("Plaintiff") filed a complaint in the Circuit Court of Bolivar County, Mississippi, First Judicial District, against Defendants State Farm Mutual Automobile Insurance Company and State Farm Insurance Companies ("State Farm"),[1] as well as Defendant Valerie Sproull, to recover for injuries Plaintiff allegedly sustained as the result of an automobile accident. Plaintiff alleges that as a direct and proximate result of the subject accident she suffered serious and permanent bodily injuries, which required extensive medical treatment. Pl.'s State-Ct. Compl. [2] ¶ 10. In addition, Plaintiff's complaint presents claims for breach of contract, negligence, breach of legal duties, and related liability. *See id.* ¶¶ 13, 17. Plaintiff avers that despite notifying State Farm of the subject accident and her

---

[1] State Farm Mutual Automobile Insurance Company maintains that it and State Farm Insurance Companies are one and the same and that it is properly named "State Farm Mutual Automobile Insurance Company." *See* State Farm's Answer & Aff. Defenses [3] ¶ 3.

1

claims for damages and injuries suffered as a result, State Farm failed to pay Plaintiff benefits owed under her insurance policy, failed to promptly and adequately investigate the claims made by Plaintiff and perform duties under the policy/contract, failed to comply with the terms of the subject policy/contract, and committed other breaches of contract and failure to perform. *Id.* ¶¶ 12–17. Plaintiff seeks relief "in no amount less than $200,000.00." *Id.* ¶ 17.

On April 21, 2014, State Farm filed a notice of removal [1] on the basis of diversity jurisdiction. Defendant Sproull did not join in the notice of removal. Subsequently, all Defendants filed answers to the complaint. On May 7, 2014, State Farm filed a motion to sever [9] Plaintiff's claims against State Farm from those against Defendant Sproull; remand the case against Defendant Sproull, if necessary; and permit the claims against State Farm to go forward in federal district court. On May 8, 2014, Plaintiff filed a motion to remand the entire case to state court [11] on the basis of lack of diversity jurisdiction. Plaintiff specifically argued that the jurisdictional amount in controversy was not met and complete diversity of citizenship did not exist between Plaintiff and Defendants.

In an Order [28] and memorandum opinion [29] entered December 8, 2014, this Court denied in part and granted in part Plaintiff's motion for remand [11], finding that the Court's diversity jurisdiction over Plaintiff's claims against State Farm was established at the time of removal. The Court specifically found that the amount in controversy was satisfied at the time of removal by the face of Plaintiff's complaint and was further supported by summary judgment-type evidence presented by State Farm. The Court also found that complete diversity of citizenship was present between Plaintiff, a Mississippi citizen, and State Farm, an Illinois citizen, and that the claims against Defendant Sproull were fraudulently misjoined and should be

severed from the claims against State Farm and remanded to the Circuit Court of Bolivar County, First Judicial District.

Subsequently, after the parties engaged in some discovery, Plaintiff filed the present motion to establish jurisdiction [51], wherein Plaintiff reasserts arguments made in the prior motion for remand [11] and maintains that the Court should reconsider whether the amount in controversy requirement is still met in the case *sub judice*.

*B. Analysis and Discussion*

In the present motion, Plaintiff maintains that—despite this Court's earlier ruling that diversity jurisdiction was established in the case between Plaintiff and State Farm at the time of removal—this Court should nevertheless reexamine its jurisdiction, conclude that diversity jurisdiction does not exist, and remand the case to state court. In support, Plaintiff argues that recent actions by State Farm concerning the amount in controversy "confirm this Court lacks jurisdiction." Plaintiff "submits this [m]otion to have State Farm confirm once and for all its position in regard to jurisdiction and the amount in controversy[,] which is obviously based on the amount of underinsured motorists coverage available to Plaintiff as one of State Farm's insureds." Plaintiff further maintains that State Farm has in the past admitted that Plaintiff had underinsured motorists coverage of up to $150,000.00, but since that time has sent four letters to Plaintiff stating that State Farm may have "no duty to pay, indemnify, defend, or otherwise perform under the policy referenced" because there may be "other collectible insurance" and "[Plaintiff] was not the first person named in the declarations page of the policy or a resident spouse or relative as defined in the policy." Plaintiff maintains that State Farm's "inconsistent positions from the removal to its current position . . . that the maximum [underinsured motorists] coverage is $50,000.00" strip this Court of jurisdiction.

State Farm responds that the Court's jurisdiction was established when Plaintiff filed her initial complaint seeking no less than $200,000.00 in damages. State Farm further states that the four letters referenced by Plaintiff were "reservation of rights" letters and "merely indicate that a question exists as to whether [P]laintiff meets the definition of 'insured' as defined in the uninsured motorist section of the policy" and do not disturb this Court's jurisdiction. Finally, State Farm maintains that the six subject insurance policies contain a total of $150,000.00 in potential coverage available to Plaintiff, "should she carry her burden that she qualified as an 'insured' under the terms of all six policies."

The Court finds as follows. Federal courts are courts of limited jurisdiction. *Epps v. Bexar–Medina–Atascosa Cnties. Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). Federal diversity jurisdiction requires complete diversity between all plaintiffs and all defendants and an amount in controversy that exceeds $75,000.00. 28 U.S.C. § 1332(a). A case may be remanded upon a motion filed within thirty days after the filing of the notice of removal on any defect except subject matter jurisdiction, which can be raised at any time by any party or *sua sponte* by the district court. *Wachovia Bank, N.A. v. PICC Prop. & Cas. Co.*, 328 F. App'x 946, 947 (5th Cir. 2009) (per curiam). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[J]urisdictional requirements must be met throughout all phases of litigation." *Anderson v. Dow Chem. Co.*, 255 F. App'x 1, 3 (5th Cir. 2007) (per curiam) (citing Fed. R. Civ. P. 12(h)(3)). However, "diversity jurisdiction is to be assessed at the time the lawsuit is commenced." *Freeport–McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 429, 111 S. Ct. 858, 112 L. Ed. 2d 951 (1991).

Because Plaintiff challenges only the amount-in-controversy prong of this Court's diversity jurisdiction, and this Court is satisfied that complete diversity of citizenship is present between Plaintiff and State Farm, the Court cabins its analysis to the amount in controversy in this case.

Removing defendants who seek to establish diversity jurisdiction must allege that the jurisdictional amount in controversy is met, that is, that "the matter in controversy exceeds the sum or value of $75,000[.00], exclusive of interest and costs[.]" *See* 28 U.S.C. § 1332(a). The amount in controversy is determined at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (emphasis added). Courts generally begin the amount-in-controversy analysis by " 'look[ing] only to the face of the complaint and ask[ing] whether the amount in controversy exceeds' the jurisdictional threshold." *Ervin v. Sprint Commc'ns Co.*, 364 F. App'x 114, 117 (5th Cir. 2010) (per curiam) (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)). "The standard for determining the amount in controversy depends on whether [Plaintiff] demanded a specific amount of damages in her complaint. If [she] did demand a specific amount, '[t]he amount stated in the complaint is itself dispositive of jurisdiction if the claim is apparently made in good faith.' " *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014) (quoting *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984)).

Because the amount in controversy is assessed as of the time of removal, upon review of Plaintiff's motion for remand [11], this Court looked to the face of Plaintiff's state-court complaint, which asserted that the amount of relief sought, with pre-judgment and post-judgment interest, attorney's fees, costs and expenses, would be "in no event an amount less than $200,000.00." *See* Pl.'s State-Ct. Compl. [2] ¶ 17. Keeping in mind that interest, attorney's

fees, and costs are not to be considered in the jurisdictional amount-in-controversy analysis, *see* 28 U.S.C. § 1332(a), the Court noted that Plaintiff had not parsed her prayer for relief to specify the amount of damages sought exclusive of interest and costs. However, when the Fifth Circuit looked at a complaint wherein a plaintiff had pled an amount ranging from $1.00 to $50,000.00, the court reasoned: "Plaintiffs have labored to specify one 'magic' number in their complaint, i.e. $50,000[.00]. We regard such a complaint as more like a claim for one sum rather than a claim for an unlimited or an unspecified amount of damages; to reason otherwise would put form over substance." *De Aguilar*, 47 F.3d at 1408. In applying case law such as *De Aguilar* and viewing the allegations of the complaint in the case *sub judice*, this Court concluded that it was "facially apparent" from Plaintiff's complaint that her claims exceeded the jurisdictional amount.

In her complaint, Plaintiff sought the following relief from Defendants:

> [f]ull and complete payment, reimbursement, compensation[,] and satisfaction for any and all injuries, losses[,] and damages suffered as the result of the subject accident with [Defendant] Sproull and payments under any and all insurance policies/contracts with [State Farm] and all related damages which resulted from any breach of legal duty, breach of contract, negligence, willful conduct[,] and reckless [dis]regard for the rights of Plaintiff.

Pl.'s State-Ct. Compl. [2] ¶ 17. Plaintiff specifically sought "[p]ast, present[,] and future medical expenses; [p]ast, present[,] and future lost wages and loss of wage[-]earning capacity; [p]ast, present[,] and future emotional distress; [p]ast, present[,] and future pain and suffering; and [o]ther damages which will [be] fully proven at trial." *Id.* ¶ 11. In addition, although Plaintiff's complaint did not explicitly state that she sought "punitive damages" or that State Farm acted with "bad faith," the complaint asserted that State Farm "wrongfully, negligently[,] and carelessly failed to honor [its] obligations under [its] insurance policies/contracts and failed to pay Plaintiff benefits owed to her," *id.* ¶ 12; "wrongfully, negligently[,] and <u>recklessly</u> failed to

pay [Plaintiff's] medical expenses incurred" which is "<u>a clear disregard for the rights of [Plaintiff]</u>," *id.* ¶ 15 (emphases added); and that Plaintiff sought damages for "<u>willful conduct and reckless [dis]regard for the rights of Plaintiff</u>," *id.* ¶ 17 (emphasis added).

These allegations support a punitive damages claim under Mississippi law. *See* Miss. Code Ann. § 11-1-65(1)(a)–(b) (punitive damages may be awarded if compensatory damages are awarded and claimant proves by clear and convincing evidence that defendant "acted with actual malice, gross negligence which evidences a willful, wanton[,] or reckless disregard for the safety of others, or committed actual fraud"); *Kincaid v. Minact-Yates, LLC*, No. 3:05-CV-550-HTW-LRA, 2008 WL 4187050, at *8 (S.D. Miss. Sept. 3, 2008) (complaint's allegations that defendants "acted in willful, malicious[,] and reckless disregard for the plaintiff's rights" constituted "the plaintiff's attempt to bolster a punitive damages claim"). Federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction. *See Walker v. Scales*, No. 1:13–CV–00227–SA–DAS, 2014 WL 670216, at *3 (N.D. Miss. Feb. 20, 2014) (citing *Brasell v. Unumprovident Corp.*, No. 2:01CV202–D–B, 2001 WL 1530342, at *2 (N.D. Miss. Oct. 25, 2001) (in turn citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998))); *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 701 (S.D. Miss. 1988). For all of these reasons, the Court found that the amount-in-controversy requirement was satisfied on the face of Plaintiff's complaint.

However, even assuming *arguendo* that the amount-in-controversy requirement was not satisfied on the face of Plaintiff's complaint, State Farm has presented "summary judgment-type" evidence in both its response to Plaintiff's prior motion to remand and the present motion to establish jurisdiction that leads to the conclusion that the amount in controversy is met. *See*

*Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003); *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *St. Paul Reinsurance Co.*, 134 F.3d at 1253. As stated above, State Farm maintained that the amount-in-controversy requirement was met by the $150,000.00 in stacked uninsured motorist coverage provided by the six automobile policies under which Plaintiff seeks recovery. Although Plaintiff maintains that State Farm has since changed its position regarding the amount in controversy and cites reservation of rights letters she received from State Farm, her argument is not well taken. State Farm attaches one such letter to its response to the present motion. That letter provides as follows:

> State Farm . . . may have no duty to pay, indemnify, defend, or otherwise perform under the policy referenced above because:
>
> It is questionable whether the policy applies by reason of the existence of other collectible insurance applicable in whole or in part.
>
> "It is questionable whether [Plaintiff] at the time of the accident was the first person named in the declarations of the policy or the resident spouse or relative, as defined in the policy[.]"

07/08/2015 Letter [53-2] at 1. If anything, this letter indicates that State Farm potentially denies coverage for the subject incident. It is nonsensical not to expect a defendant automobile insurer to potentially deny that coverage exists under an applicable insurance policy for a particular incident. Further, such a position does not compromise the jurisdiction of the Court.

If a defendant establishes "by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount," a plaintiff may defeat removal <u>only by establishing to a legal certainty that his or her recovery will not exceed the statutory threshold</u>. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009) (quotation marks and citation omitted) (emphasis added); *accord De Aguilar*, 47 F.3d at 1411 ("[I]f a defendant can show that

the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint."). Plaintiffs "who want to prevent removal must file a binding stipulation or affidavit with their complaints . . . ." *De Aguilar*, 47 F.3d at 1412 (quotation marks and citation omitted). Although it is true that "the jurisdictional facts that support removal must be judged at the time of the removal, . . . post-removal affidavits may be considered in determining the amount in controversy at the time of removal . . . if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia*, 233 F.3d at 883. But "any post-petition affidavits are allowable only if relevant to [the time of removal]." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis added).

Even assuming, *arguendo*, that the amount in controversy was ambiguous on the face of Plaintiff's complaint, Plaintiff failed to file a binding stipulation or affidavit that would have sufficiently clarified the issue for the Court. Plaintiff requested discovery on the amount in controversy in this case and contended that if discovery were allowed, she might be able to admit that the amount in controversy did not exceed $75,000.00 exclusive of interest and costs. "When a plaintiff fails to admit or stipulate that he will not accept more than $75,000.00 in damages, a federal court may deem that failure to be sufficient proof that the amount in controversy exceeds $75,000.00." *Walker*, 2014 WL 670216, at *3; *Easley v. Lowe's Home Ctrs., Inc.*, No. 1:06CV291-D-D, 2007 WL 2127281, at *2 (N.D. Miss. July 23, 2007); *Blount v. Hardcastle*, No. 2:04CV203-P-A, 2006 WL 278567, at *1–2 (N.D. Miss. Jan. 5, 2006); *Holmes v. Citifinancial Mortg. Co.*, 436 F. Supp. 2d 829 (N.D. Miss. 2006). Merely allowing the possibility that the amount in controversy may prove not to exceed the jurisdictional threshold is insufficient.

Further, and most pertinent in light of Plaintiff's arguments in the present motion, "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293, 58 S. Ct. 586, 82 L. Ed. 845 (1938). The Fifth Circuit has stated: "[A]n amendment to the complaint or stipulation reducing the amount in controversy does not divest a federal court of such jurisdiction." *Anderson*, 255 F. App'x at 3 (citations omitted); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) ("amendment of pleadings to below the jurisdictional amount . . . will not divest the court of jurisdiction"); *Garza v. Rodriguez*, 559 F.2d 259, 260 (5th Cir. 1977) (same); *Reisman v. N.H. Fire Ins. Co.*, 312 F.2d 17, 19 (5th Cir. 1963) (citations omitted) ("The decisions under 28 U.S.C.A. § 1447 make it clear that once jurisdiction has attached, it cannot be subsequently divested. In order to require a remand back to the state court for lack of jurisdiction, there must have been a lack of jurisdiction at the time of removal from the State to the Federal court. At the time of removal there was a bona fide claim in excess of [the jurisdictional amount in controversy]. We find that the District Court had jurisdiction."). Finally, "[t]he inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim." *St. Paul Mercury Indem. Co.*, 303 U.S. at 289, 58 S. Ct. 586. Therefore, even if Plaintiff's complaint does not satisfy the amount-in-controversy requirement on its face, State Farm has shown by a preponderance of the evidence that the amount-in-controversy requirement is met.

*C. Conclusion*

In sum, this Court's diversity jurisdiction over Plaintiff's claims against State Farm was established at the time of removal, because complete diversity of citizenship was present between Plaintiff, a Mississippi citizen, and State Farm, an Illinois citizen, and the jurisdictional amount in controversy was satisfied on the face of Plaintiff's state-court complaint and is further supported by summary judgment-type evidence.

Therefore, Plaintiff Nakenya Cartwright's motion to establish jurisdiction [53] is DENIED.

An order in accordance with this opinion shall issue this day.

THIS, the 15th day of October, 2015.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE