IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NAKENYA CARTWRIGHT                                                                PLAINTIFF

v.                                                    CIVIL ACTION NO. 4:14-cv-00057-GHD-JMV

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and
STATE FARM INSURANCE COMPANIES                                                   DEFENDANTS

**MEMORANDUM OPINION DENYING PLAINTIFF'S THIRD MOTION TO REMAND**

Presently before this Court is Plaintiff's third motion to remand this case to state court [64]. Defendants have filed a response. Plaintiff has not filed a reply, and the time for doing so has now passed. The motion is ripe for review. Upon due consideration, the Court finds that the motion should be denied.

*A. Factual and Procedural Background*

On March 26, 2014, Plaintiff Nakenkya Cartwright ("Plaintiff") filed a complaint in the Circuit Court of Bolivar County, Mississippi, First Judicial District, against Defendants State Farm Mutual Automobile Insurance Company and State Farm Insurance Companies ("State Farm"),[1] as well as Defendant Valerie Sproull, to recover for injuries Plaintiff allegedly sustained as the result of an automobile accident. Plaintiff alleges that as a direct and proximate result of the subject accident she suffered serious and permanent bodily injuries, which required extensive medical treatment. Pl.'s State-Ct. Compl. [2] ¶ 10. In addition, Plaintiff's complaint presents claims for breach of contract, negligence, breach of legal duties, and related liability.

---

[1] State Farm Mutual Automobile Insurance Company maintains that it and State Farm Insurance Companies are one and the same and that it is properly named "State Farm Mutual Automobile Insurance Company." *See* State Farm's Answer & Aff. Defenses [3] ¶ 3.

1

*See id.* ¶¶ 13, 17. Plaintiff avers that despite notifying State Farm of the subject accident and her claims for damages and injuries suffered as a result, State Farm failed to pay Plaintiff benefits owed under her insurance policy, failed to promptly and adequately investigate the claims made by Plaintiff and perform duties under the policy/contract, failed to comply with the terms of the subject policy/contract, and committed other breaches of contract and failure to perform. *Id.* ¶¶ 12–17. Plaintiff seeks relief "in no amount less than $200,000.00." *Id.* ¶ 17.

On April 21, 2014, State Farm filed a notice of removal [1] on the basis of diversity jurisdiction. Defendant Sproull did not join in the notice of removal. Subsequently, all Defendants filed answers to the complaint. On May 7, 2014, State Farm filed a motion to sever [9] Plaintiff's claims against State Farm from those against Defendant Sproull; remand the case against Defendant Sproull, if necessary; and permit the claims against State Farm to go forward in federal district court. On May 8, 2014, Plaintiff filed a motion to remand the entire case to state court [11] on the basis of lack of diversity jurisdiction. Plaintiff specifically argued that the jurisdictional amount in controversy was not met and complete diversity of citizenship did not exist between Plaintiff and Defendants.

In an Order [28] and memorandum opinion [29] entered December 8, 2014, this Court denied in part and granted in part Plaintiff's motion for remand [11], finding that the Court's diversity jurisdiction over Plaintiff's claims against State Farm was established at the time of removal. The Court specifically found that the amount in controversy was satisfied at the time of removal by the face of Plaintiff's complaint and was further supported by summary judgment-type evidence presented by State Farm. The Court also found that complete diversity of citizenship was present between Plaintiff, a Mississippi citizen, and State Farm, an Illinois citizen, and that the claims against Defendant Sproull were fraudulently misjoined and should be

severed from the claims against State Farm and remanded to the Circuit Court of Bolivar County, First Judicial District.

Subsequently, after the parties engaged in some discovery, Plaintiff filed a motion to establish jurisdiction [51], wherein Plaintiff reasserted arguments made in the prior motion for remand [11] and maintained that the Court should reconsider whether the amount in controversy requirement was still met in the case *sub judice*. On October 15, 2016, this Court entered an Order [58] and memorandum opinion [59] denying the motion to establish jurisdiction [51], finding that the exercise of federal jurisdiction was proper.

On December 30, 2015, Plaintiff filed her third attempt to remand the case to state court, a renewed motion to remand [64]. The Court now addresses that motion.

### *B. Analysis and Discussion*

Plaintiff's present renewed motion to remand [64] asserts that new evidence confirms the jurisdictional amount in controversy will not be met. However, Plaintiff attaches to her motion correspondence dated May 19, 2014 that merely lists the six insurance policies issued to Plaintiff which are at issue in the case, as well as policy documentation, and Plaintiff's stipulation that she does not and will not seek damages in an amount in excess of $75,000.00. State Farm argues in opposition that there are still six insurance policies at issue that were issued to Plaintiff—with total potential coverage of $150,000.00.

The Court has carefully reviewed the motion and response and all exhibits and finds, again, that the case should remain in federal court. The Court incorporates by reference its previous lengthy and detailed opinions on this issue. *See* Ct.'s Mem. Op. Denying Pl.'s Mot. Remand [29]; Ct.'s Mem. Op. Denying Pl.'s Mot. Establish Jurisdiction [59].

3

The six policies at issue in this case apparently have total coverage well above the jurisdictional threshold, as the total coverage provided by all policies would be $150,000.00. For the Court to determine, as Plaintiff wishes, that some of the six policies provide coverage for the accident and that other policies do not, this Court would have to engage in an analysis of the merits of the case.

The face of Plaintiff's state-court complaint reveals Plaintiff seeks "in no amount less than $200,000.00," and specifically alleges a request for the following:

> [f]ull and complete payment, reimbursement, compensation[,] and satisfaction for any and all injuries, losses[,] and damages suffered as the result of the subject accident with [Defendant] Sproull and payments under any and all insurance policies/contracts with [State Farm] and all related damages which resulted from any breach of legal duty, breach of contract, negligence, willful conduct[,] and reckless [dis]regard for the rights of Plaintiff.

Pl.'s State-Ct. Compl. [2] ¶ 17.

It is well established law that the amount in controversy is determined at the time of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (emphasis added). Although "post-removal affidavits may be considered in determining the amount in controversy at the time of removal," this is only true "if the basis for jurisdiction is ambiguous at the time of removal." *Id.* In this case, it was not.

*Gebbia* is similar to this case in that after the plaintiff sought in excess of the jurisdictional threshold in her complaint and engaged in discovery, she determined that her claimed damages would be less than the jurisdictional threshold. *See Gebbia*, 233 F.3d at 882. Also as in this case, the *Gebbia* plaintiff then argued that the amount in controversy was less than $75,000.00 and that the district court should remand the case for lack of subject-matter jurisdiction. *See id.* In *Gebbia*, the plaintiff challenged the district court's subsequent denial of

her motion to remand on appeal, but the Fifth Circuit upheld the district court's ruling, finding that despite the plaintiff's later protestations to the contrary, the plaintiff's complaint at the time of removal alleged injuries that exceeded the jurisdictional threshold. *Id.* So, too, in this case, Plaintiff initially sought in excess of the jurisdictional threshold; the amount in controversy at the time of removal resolves the issue.

Since *Gebbia*, the Fifth Circuit has repeatedly stated its position on post-removal affidavits. For instance, in a 2014 case, the Fifth Circuit stated: "If at the time of removal it is facially apparent from the state-court petition that the amount in controversy exceeds $75,000[.00], a plaintiff's subsequent request to amend her petition to 'clarify' the amount in controversy cannot divest jurisdiction." *Robinson v. Wal-Mart Stores Tex., L.L.C.*, 561 F. App'x 417–18 (5th Cir. 2014) (per curiam) (citing *Gebbia*, 233 F.3d at 882; *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)). Similarly, in a 2007 case, the Fifth Circuit stated that "a . . . stipulation reducing the amount in controversy does not divest a federal court of such jurisdiction." *Anderson v. Dow Chemical Co.*, 255 F. App'x 1, 3 (5th Cir. 2007) (per curiam). Quite simply, "[a] party cannot sue over a mountain but stipulate that it is a molehill." *See Solis v. HSBC Bank USA*, 584 F. App'x 222, 223 (5th Cir. 2014) (per curiam).

Although the Court understands Plaintiff's position and that she would prefer to litigate her case in state court, for all of the foregoing reasons, federal diversity jurisdiction is proper. Plaintiff has not cited a case in support of a contrary position. This case shall remain in federal court.

### *C. Conclusion*

This Court's diversity jurisdiction over Plaintiff's claims against State Farm was established at the time of removal, because complete diversity of citizenship was present

between Plaintiff, a Mississippi citizen, and State Farm, an Illinois citizen, and the jurisdictional amount in controversy was satisfied on the face of Plaintiff's state-court complaint and is further supported by summary judgment-type evidence. Her post-removal affidavits do not divest the Court of federal diversity jurisdiction.

Therefore, Plaintiff Nakenya Cartwright's third motion to remand [64] is DENIED.

An order in accordance with this opinion shall issue this day.

THIS, the 1st day of August, 2016.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE