IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NAKENYA CARTWRIGHT                                                               PLAINTIFF

v.                                                        CIVIL ACTION NO. 4:14-cv-00057-GHD

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and
STATE FARM INSURANCE COMPANIES                                                  DEFENDANTS

**MEMORANDUM OPINION DENYING PLAINTIFF'S MOTION FOR JUDGMENT
NOTWITHSTANDING THE VERDICT OR FOR A NEW TRIAL**

Presently before the Court is a motion for judgment notwithstanding the verdict or for a new trial [90] filed by Plaintiff Nakenya Cartwright ("Plaintiff"). Defendant State Farm Mutual Automobile Insurance Company ("State Farm")[1] has filed a response in opposition. Plaintiff has not filed a reply, and the time for doing so has now passed. The matter is ripe for review. The Court has carefully considered Plaintiff's arguments concerning her motion for judgment notwithstanding the verdict or for a new trial, as well as attached documentation, the trial transcript, the trial exhibits, and all authorities bearing on the matter. The Court is of the opinion that none of Plaintiff's arguments have merit and that the jury verdict should stand, for the reasons stated below.

### *I.     Federal Rule of Civil Procedure 59 Standard*

Rule 50(b) of the Federal Rules of Civil Procedure provides in pertinent part: "[N]o later than 28 days after the jury was discharged[,] the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." FED. R. CIV. P. 50(b). Rule 59 of the Federal Rules of Civil Procedure provides in pertinent part

---

[1] State Farm Mutual Automobile Insurance Company maintains that it and State Farm Insurance Companies are one and the same and that it is properly named "State Farm Mutual Automobile Insurance Company."

1

that "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party— . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." FED. R. CIV. P. 59(a)(1)(A). Such a motion "must be filed no later than 28 days after the entry of judgment." FED. R. CIV. P. 59(b). Because the instant motion for a new trial was filed within 28 days of the entry of judgment, it shall be construed as a Rule 59 motion. *See, e.g., Komolafe v. Dewease*, 87 F. App'x 385, 2004 WL 304198, at *1 (5th Cir. 2004) (per curiam) (citing *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 n.3 (5th Cir. 1991) (post-judgment motion for new trial and/or for relief from judgment was properly considered under Rule 59 because it was filed within the requisite Rule 59 time period)).

"A district court has discretion to grant a new trial under Rule 59(a) of the Federal Rules of Civil Procedure when it is necessary to do so 'to prevent an injustice.' " *Jones v. Ruiz*, 478 F. App'x 834, 835 (5th Cir. 2012) (per curiam) (quoting *United States v. Flores*, 981 F.2d 231, 237 (5th Cir. 1993)). Although Rule 59(a) does not state appropriate grounds for a new trial, "[a] new trial may be appropriate if the verdict is against the weight of the evidence, the amount awarded is excessive, or the trial was unfair or marred by prejudicial error." *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989) (internal citation omitted). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999).

## II. Analysis and Discussion

Plaintiff filed this action against State Farm to recover damages allegedly caused by State Farm's failure to pay uninsured motorist benefits following an automobile accident. The accident occurred in an automobile driven by Valerie Sproull in which Plaintiff was the

2

passenger. Pretrial Order [79] ¶¶ 4, 8(a), 9(a)(3). Plaintiff claimed that she suffered physical and emotional damages due to Ms. Sproull's alleged failure to exercise control of her vehicle, her excessive speed, and her failure to keep a proper lookout, as well as other alleged acts of negligence. *Id.* ¶ 8(a). State Farm's position was that the accident was unavoidable and that Ms. Sproull was not negligent in her response to the deer, which State Farm maintains suddenly entered the roadway from the grass median and struck Ms. Sproull's driver's side front of her automobile. *Id.* ¶ 8(b).

The case proceeded to trial on June 19, 2017. The parties agreed that uninsured motorist benefits would be available to Plaintiff if the jury found that **(1)** Ms. Sproull was negligent in contributing to the accident and **(2)** the damages exceeded the $25,000.00 in liability benefits previously tendered to Plaintiff, subject to the available limits of uninsured motorist coverage totaling $25,000.00. *Id.* ¶ 9(a)(4). On June 20, 2017, the jury returned a verdict in favor of State Farm, and the Court subsequently entered judgment in favor of State Farm. *See* Jury Verdict [88]; Clerk's J. [89].

On June 29, 2017, Plaintiff filed the present motion for judgment notwithstanding the verdict or for a new trial [90], wherein she argues that the evidence at trial did not support the verdict.

First, Plaintiff argues that "[d]uring the trial, the driver [Ms.] Sproull of the vehicle in which [Plaintiff] was a passenger <u>admitted</u> to speeding at the time of the accident" and further argues that "[Plaintiff] proved her damages were caused by such negligence *per se*." Pl.'s Mot. J. Notwithstanding Verdict or for New Trial [90] at 1 (emphasis in original). Second, Plaintiff argues that "[Ms. Sproull] clearly admitted she failed to keep a proper lookout and did not see the obvious hazard of a deer approaching the roadway from the left in the unblocked median,

3

which is an obvious legal assumption that the roadway is clear, which is another admission of negligence *per se*." *Id.* Plaintiff maintains that "[n]o reasonable jury could find that traveling at a high rate of speed <u>in excess</u> of the posted speed limit and <u>admitted failure to keep a proper lookout</u> by assumption that the roadway is clear did not cause or contribute to striking a deer on the roadway." *Id.* at 2 (emphasis in original). Plaintiff thus argues that the weight of the evidence favored judgment for Plaintiff and not State Farm.

State Farm argues in response that the jury verdict was supported by substantial evidence and that Plaintiff's proof concerning liability was disputed by her own words. State Farm points to evidence in the record, including Plaintiff's recorded statement and transcript introduced into evidence that was taken approximately 1 week after the accident. In that statement, Plaintiff stated that Ms. Sproull could have done nothing to prevent hitting the deer; her specific words were that the deer "[leapt] out of nowhere" and "just ran into us" and that Ms. Sproull "did a damn good job" during the accident. *See* D-1 at 3, 6–7. State Farm further points to Ms. Sproull's testimony at trial that she was paying attention at the time of the accident, but the deer came out of nowhere and struck her vehicle. State Farm also cites Ms. Sproull's trial testimony that she "could have been driving" from 65 to 68 miles per hour. State Farm further points to the fact that Plaintiff did not move for a directed verdict on the issue of negligence *per se* and correctly reiterates the law that a finding of negligence *per se* is not equivalent to a finding of liability for negligence. State Farm also argues that evidence at trial disputed Plaintiff's claims of injury, including evidence that Plaintiff's diagnosis of a torn rotator cuff was not given until 1 year and 4 months after the accident and evidence that Plaintiff was diagnosed with chronic pain condition fibromyalgia approximately 2 months prior to the accident. State Farm further points to State Farm's dispute of Plaintiff's medical expenses as related to the subject accident. Finally,

State Farm argues that the proof was such that a reasonable juror could find the accident occurred without any negligence on the part of the driver, Ms. Sproull.

The Court finds State Farm's arguments in this respect are well taken. Evidence in the record supports the jury's finding in favor of State Farm. "A motion for judgment as a matter of law (previously, motion for directed verdict or J.N.O.V.) in an action tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995). "A jury may draw reasonable inferences from the evidence, and those inferences may constitute sufficient proof to support a verdict." *Rideau v. Parkem Indus. Servs., Inc.*, 917 F.2d 892, 897 (5th Cir. 1990). Even if some evidence may have supported the inference that Ms. Sproull was speeding, an act of negligence *per se*, other evidence was inconclusive on that point. And in any event, a showing of negligence *per se* alone does not satisfy the requisite showing of causation in a negligence claim. *See Williams ex rel. Raymond v. Wal-Mart Stores E., L.P.*, 99 So. 3d 112, 116 (Miss. 2012) (internal quotation marks and citation omitted) ("a finding of negligence *per se* is not equivalent to a finding of liability *per se*. Plaintiffs in negligence *per se* cases must still establish causation in fact, legal cause, and damages."); *Gulledge v. Shaw*, 880 So. 2d 288, 293 (Miss. 2004) (citing *Jackson v. Swinney*, 244 140 So. 2d 555, 557 (Miss. 1962) ("To recover, a plaintiff must prove causation in fact and proximate cause.")). In the case *sub judice*, the jury was confronted with a question of factual causation: did Ms. Sproull have time to react to the presence of the deer in the roadway and avoid the collision? The jury found based that on the evidence, including the conflicting testimony and statements of Plaintiff, hitting the deer was not due to an act of negligence on Ms. Sproull's part. The Court finds that the jury verdict in favor of State Farm was supported by legally sufficient evidence.

5

### *III.* *Conclusion*

For all of the foregoing reasons, the Court finds that the jury verdict in favor of Defendant State Farm and against Plaintiff Nakenya Cartwright should stand. "[M]ere dissatisfaction with the jury's weighing of evidence or determination of witness credibility is not a valid ground on which to grant judgment as a matter of law [or] a new trial . . . ." *Bovie-Clark v. Sentry Select Ins. Co.*, 568 F. App'x 312, 313 (5th Cir. 2014) (per curiam). Therefore, Plaintiff Nakenkya Cartwright's motion for judgment notwithstanding the verdict or for a new trial [90] is DENIED.

An order in accordance with this opinion shall issue this day.

THIS, the 15th of August, 2017.

_____
SENIOR U.S. DISTRICT JUDGE